IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLIFFORD HACKETT, | ) CIV. NO. 15-00178 JMS-RLP |
| | ) |
| Plaintiff, | ) ORDER DISMISSING AMENDED |
| | ) COMPLAINT WITH LEAVE TO |
| vs. | ) AMEND |
| | ) |
| STATE OF HAWAII; ALISON LEE, | ) |
| in her official capacity as | ) |
| Administrator of the Department of | ) |
| Vocational Rehabilitation, Department | ) |
| of Social Services, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**ORDER DISMISSING AMENDED COMPLAINT WITH
LEAVE TO AMEND**

**I. INTRODUCTION**

On June 24, 2015, Plaintiff Clifford Hackett ("Plaintiff"), proceeding *pro se*, filed an Amended Complaint against Defendants State of Hawaii and Alison Lee, in her official capacity as Director of the State of Hawaii Department of Vocational Rehabilitation ("DVR"), collectively ("Defendants"). Doc. No. 18. The Amended Complaint alleges that Defendants discriminated against him in violation of Title II of the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act ("§ 504"), the Michigan Persons with Disabilities Civil Rights Act ("MPDCRA"), and Hawaii law, by denying him DVR services for

which he qualified based on his blind/deaf disabilities. *Id.*[1] Based on the following, the court DISMISSES Plaintiff's Amended Complaint with leave to amend pursuant to 28 U.S.C. § 1915(e).[2]

## II. BACKGROUND

### A. The Complaint

Plaintiff's Complaint alleged that:

(1) Plaintiff is a 50 year old blind/deaf man who is a qualified individual with a disability, Doc. No. 1, Compl. ¶¶ 13-14, 32, 39;

(2) the DVR is solely responsible for administration of the DVR program in Hawaii and receives federal funds allegedly to provide services including employment procurement, education, transportation, and equipment to eligible individuals, *id.* ¶¶ 6-7, 10;

(3) Plaintiff is eligible to receive benefits and services from the DVR, *id.* ¶ 15;

(4) in October 2012, Plaintiff applied and was accepted into the DVR program for assistance, *id.* ¶¶ 17-18;

(5) Defendants refused to provide Plaintiff with alternative products and services to meet his needs, but rather, required Plaintiff to use services at Ho'opono School, thereby blocking him from participation in the DVR program, *id.* ¶¶ 18-19, 22, 35-36, 42;

---

[1] On June 4, 2015, the court granted Plaintiff's Application to proceed *in forma pauperis*, and dismissed the Complaint (1) with prejudice as to the MPDCRA claim; and (2) with leave to amend the ADA and § 504 claims (the "June 4 Order"). Doc. No. 15.

[2] Pursuant to Local Rule 7.2(d), the court finds this matter suitable for disposition without a hearing.

(6) Plaintiff's age, disability, and the severity of his disability were determining factors in Defendants' decision to deny and exclude Plaintiff from participating in the DVR program, *id.* ¶¶ 23, 35, 42, 47; and

(7) Defendants denied Plaintiff the same opportunity to receive benefits and activities that are available to other qualified individuals. *Id.* ¶¶ 35, 42.

This court determined that these allegations are "too conclusory to allege plausible claims under Title II of the ADA and § 504," pointing out that Plaintiff failed to:

> allege facts specifically identifying the extent of his disabilities, what specific DVR services and benefits he is entitled to receive, what specific services and benefits were denied to Plaintiff, how requiring him to use services at Ho'opono School constitutes a denial of DVR benefits and services, and what facts establish that such denial was because of Plaintiff's disability.

Doc. No. 15, June 4 Order at 8. The court explained that if Plaintiff files an Amended Complaint, he must:

> (1) identify with specificity the extent of his disabilities; (2) explain what DVR services and benefits he is entitled to receive and how he is being excluded from that program; (3) explain how his exclusion is the result of his disability -- what exactly did Defendants do to him and how do those actions amount to discrimination; and (4) state what relief is being sought.

*Id.* at 11. And the court stated that "if Plaintiff chooses to assert a [42 U.S.C.]

3

§ 1983 claim for violation of the Medicaid Act, he must allege sufficient facts asserting the basis of such claim as explained" in more detail in the June 4 Order. *Id.*

**B.     The Amended Complaint**

The Amended Complaint differs from the Complaint only by the addition of an introductory paragraph alleging that (1) for three years, Defendants have refused to create an Individual Plan of Employment ("IPE") for Plaintiff; (2) such refusal is "in retaliation for [Plaintiff] saying [his] plan was better and smarter, and insisting that [he] want[s] a job, not [the DVR's] preferred self employment;" (3) the DVR "discriminate[s] against blind/deaf persons . . . because blindness and deafness is [sic] annoying;" and (4) "this should be a class action" because "there are many similarly situated individuals." Doc. No. 18, Am. Compl. at 1. The Amended Complaint then reasserts the entire Complaint verbatim. *Id.* at 1-5.

### III.  STANDARD OF REVIEW

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."

28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Plaintiff is appearing *pro se*; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

Nevertheless, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

5

U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 679.[3]

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, mandating that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court may dismiss a

---

[3] On July 2, 2015, Plaintiff filed a "Request for Judicial Notice," in which he asks the court to "[l]ook to the substance of the pleadings rather than the form" in accordance with *Haines v. Kerner*, 404 U.S. 519 (1972) (reversing dismissal of a *pro se* complaint because the court could not "say with assurance that . . . the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Doc. No. 19. The standard applied in *Haines*, however, has been superseded by the more stringent pleading standard set forth above. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. As discussed below, the court applies the proper *pro se* standard and will give Plaintiff one more chance to amend.

complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and quotations omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation signals omitted). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179.

///

///

///

# IV. **DISCUSSION**

Construing the Amended Complaint liberally in favor of Plaintiff, it appears that Plaintiff bases his claims on Defendants' failure to provide an IPE that would enable him to find employment, offering instead DVR benefits and services available only through Ho'opono School. For reasons discussed below, however, Plaintiff once again fails to allege facts setting forth plausible claims for relief.

### A. Claims for Violation of the ADA and § 504

To state a claim for violation of Title II of the ADA, Plaintiff must allege that (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (citing *Weinreich v. Los Angeles Cnty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997)).

And to establish a violation of § 504 of the Rehabilitation Act, a plaintiff must show that (1) he is an individual with a disability; (2) he is otherwise

qualified for the benefit or services sought; (3) he was denied the benefit or services of the program solely by reason of his disability; and (4) the program receives federal financial assistance. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (citing *Weinreich*, 114 F.3d at 978).

Here, at a minimum, the Amended Complaint fails to allege *any* facts showing that Defendants' refusal to create an IPE amounts to discrimination on account of Plaintiff's disabilities. At best, the Amended Complaint conclusorily alleges that (1) Defendants "discriminate against blind/deaf persons . . . because blindness and deafness is [sic] annoying," Doc. No. 18, Am. Compl. at 1; (2) Plaintiff's age, disability, and the severity of his disability were determining factors in Defendants' decision not to create an IPE, *id.* ¶¶ 23, 35, 42, 47; and (3) there are other "similarly situated individuals." *Id.* at 1. But the Amended Complaint fails to allege what specific actions or statements by Defendants demonstrate that the refusal to create an IPE was due to discrimination on account of Plaintiff's disabilities. Moreover, the Amended Complaint alleges alternate bases for Defendants' refusal to create an IPE that are not on account of Plaintiff's disabilities -- Plaintiff's age and retaliation for Plaintiff's statement that his plan was better and smarter.

Without factual allegations showing that Defendants' refusal to create an IPE amounts to discrimination by reason of Plaintiff's disabilities, the Amended Complaint fails to state plausible ADA and § 504 claims. *See Thompson*, 295 F.3d at 895 (explaining that to state an ADA claim, Plaintiff must allege that the "exclusion, denial of benefits, or discrimination was by reason of his disability"); *Duvall*, 260 F.3d at 1135 (explaining that to assert a § 504 claim, Plaintiff must allege that he was "denied the benefit or services of the program solely by reason of his disability"). Accordingly, Plaintiff's ADA and § 504 claims are DISMISSED.

Because Plaintiff may be able to allege facts sufficient to cure the deficiencies of these claims, however, the court will grant Plaintiff one more opportunity to attempt to correct the deficiencies of the Amended Complaint. *See Lucas*, 66 F.3d at 248 ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *see also Lopez*, 203 F.3d at 1126.

**B.     Remaining Claims**

The Amended Complaint reasserts claims for violation of Michigan and Hawaii law, and a possible claim pursuant to 42 U.S.C. § 1983 for violation of

the Medicaid Act, 42 U.S.C. §§ 1396 *et seq*. The court addresses these claims in turn.

   1. ***Claim for Violation of Michigan Law***

The June 4 Order dismissed with prejudice Plaintiff's claim that Defendants violated the MPDCRA, Mich. Comp. Laws, §§ 37.1101 *et seq*. Doc. No. 15, June 4 Order at 10 (dismissing claim with prejudice because "no amendment would remedy the inapplicability of the MPDCRA to the alleged denial of services and benefits by a Hawaii agency to a Hawaii resident"). Plaintiff's attempt to reassert this claim fails and it remains DISMISSED with prejudice.

   2. ***Possible § 1983 Claim for Violation of the Medicaid Act***

The June 4 Order determined that to the extent Plaintiff may have asserted a § 1983 claim for violation of the Medicaid Act, the Complaint's allegations were insufficient to state such claim. Doc. No. 15 at 9 n.1. The June 4 Order then explained that "[i]f Plaintiff is . . . asserting [such] claim, based on his belief that the specific provisions of the Medicaid Act at issue provide a private cause of action, he must allege sufficient facts describing the basis of such claim." *Id.*

The Amended Complaint neither clarifies whether Plaintiff is asserting a § 1983 claim for violation of the Medicaid Act, nor alleges sufficient facts describing such claim. Rather, the Amended Complaint merely reasserts the same allegations. *See* Doc. No. 18, Am. Compl. ¶¶ 9-11, 22-23, 26, 29 (alleging that Defendants violated 42 U.S.C. § 1396a(a)(8) by failing to promptly provide benefits through the DVR Program, and by failing to allow Plaintiff to freely choose alternative services). Accordingly, to the extent Plaintiff may be asserting a § 1983 claim for violation of the Medicaid Act, it is DISMISSED with leave to amend.

### 3. *Claim for Violation of Hawaii Law*

Finally, Count Three of the Amended Complaint alleges that Defendants violated unspecified provisions of Hawaii law requiring that (1) "services be made available to eligible persons," and (2) pursuant to the "Hawaii state plan . . . alternative services be provided to eligible persons." Doc. No. 18, Am. Compl. ¶ 29.

A federal court has subject matter jurisdiction either through diversity jurisdiction pursuant to 28 U.S.C. § 1332 or through federal question jurisdiction pursuant to 28 U.S.C. § 1331." *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). And under 28 U.S.C. § 1367(c)(3), "district courts may

decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" There is no basis in the Amended Complaint for diversity jurisdiction. Thus, because the ADA and § 504 claims provide the only basis for federal jurisdiction (and because those claims have been dismissed), the court does not address Plaintiff's state law claim.

If Plaintiff does not file a Second Amended Complaint, the court will decline jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367(c) and dismiss it without prejudice.[4] *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988))). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

---

[4] 28 U.S.C. § 1367(d) provides that "[t]he period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."

If Plaintiff chooses to file a Second Amended Complaint that states a cognizable federal claim against Defendants, however, the court will retain jurisdiction over related a state law claim included in the Second Amended Complaint and address it if challenged at that time.

By August 7, 2015, Plaintiff may file a Second Amended Complaint. Failure to file a Second Amended Complaint by August 7, 2015, in accordance with the instructions set forth in this and the June 4 Order, will result in this action being dismissed with prejudice. Further, Plaintiff is warned that the court will not afford him yet another chance to correct the same deficiencies. To be clear, if Plaintiff does not file a Second Amended Complaint or fails to state plausible federal claims in a Second Amended Complaint by August 7, 2015, the federal claims will be dismissed without leave to amend, the court will decline supplemental jurisdiction over any remaining state law claim, and this entire action will be dismissed with prejudice.

## V. **CONCLUSION**

For the reasons stated above, the court DISMISSES Plaintiff's Amended Complaint with leave to amend his ADA, § 504, and possible § 1983 claims. Plaintiff is granted until August 7, 2015 to file a Second Amended Complaint. A Second Amended Complaint will supercede the Complaint and

must be complete in itself without reference to prior superceded pleadings. *E.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (en banc)). The Second Amended Complaint must designate that it is the "Second Amended Complaint," and if prior allegations are realleged, must retype or rewrite those allegations in their entirety. That is, it may not incorporate any part of the Complaint or Amended Complaint by reference. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992). Failure to file a Second Amended Complaint by July 31, 2015 will result in automatic dismissal of this action without prejudice.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, July 6, 2015.



        /s/ J. Michael Seabright
        J. Michael Seabright
        United States District Judge

*Hackett v. State of Hawaii, et al.*, Civ. No. 15-00178 JMS-RLP, Order Dismissing Amended Complaint with Leave to Amend