IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CLIFFORD RAY HACKETT, | ) | CIVIL NO. 15-00178 JMS-RLP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO |
| | ) | DISMISS THIS ACTION WITHOUT |
| vs. | ) | PREJUDICE |
| | ) | |
| THE STATE OF HAWAII, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

FINDINGS AND RECOMMENDATION TO
DISMISS THIS ACTION WITHOUT PREJUDICE[1]

    Plaintiff filed his Complaint against Defendants on May 14, 2015.  ECF No. 1.  Plaintiff has named as Defendants the State of Hawaii and Alison Lee in her official capacity as Director of the State of Hawaii Department of Vocational Rehabilitation.  See ECF No. 1, ECF No. 15 at 1.

    The court granted Plaintiff's Application to Proceed with Prepaying Fees and Costs on June 4, 2015.  ECF No. 15.  After the Court dismissed Plaintiff's Amended Complaint with leave to amend, Plaintiff filed a Second Amended Complaint on July 20, 2105.  ECF No. 25.  The court dismissed Count Six of the Second Amended Complaint and determined that the Second Amended Complaint was otherwise sufficient to allow Plaintiff to proceed

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

with service and to allow Defendants to answer or otherwise defend.  ECF No. 28.  The court noted in its order that on August 7, 2015, the Clerk's Office issued a summons and mailed Plaintiff instructions on how to proceed with service after having been granted leave to proceed without prepayment of fees and costs.  Id.; ECF Nos. 26, 27.  That letter included copies of the relevant court order, a copy of the Second Amended Complaint, a copy of the notice to parties with the request to waive service and waiver of service form, and a U.S. Marshals Service forms and instruction sheet.  See ECF No. 27.  The letter directed Plaintiff to complete the U.S. Marshals Service form for each defendant and to mail the completed forms with the certified copies of the court order, complaint, and summons to the U.S. Marshals.  Id.

On January 12, 2016, this Court issued a Deficiency Notice and Order Regarding Service of Defendants noting that there was no indication on the docket that Plaintiff had completed the necessary forms or mailed the required documents to the U.S. Marshals as instructed.  See ECF No. 30.  Further, the Court noted that the time to serve the Defendants had expired under Federal Rule of Civil Procedure 4(m).  Id.  The Court gave notice to Plaintiff to complete the necessary forms and mail the required documents to the U.S. Marshals as instructed within thirty days of the date of the Deficiency Notice and Order and

that failure to do so may result in dismissal of this action for failure to prosecute or otherwise follow a court order.  Id.

On February 4 and 8, 2016, Plaintiff filed a "Proof of Service" that indicated that "DVR" was served on December 14, 2015.  See ECF Nos. 33, 34.  The document indicates that service was completed by a process server who "slid [the summons] under locked door at designated address."  Id.

On February 23, 2016, the Court issued a Second Deficiency Notice and Order Regarding Service of Defendants noting that more than thirty days had passed since the Court issued the first Deficiency Notice and Order Regarding Service of Defendants and that there was still no indication on the docket that Plaintiff has completed the necessary forms or mailed the required documents to the U.S. Marshals as instructed.  See ECF No. 37.  The Court also noted that it appeared that Plaintiff attempted service on his own, but that such attempted service was insufficient under the Federal Rules of Civil Procedure.  Id.  Because Plaintiff was proceeding pro se, the Court granted Plaintiff additional time to serve Defendants and directed the Clerk's Office to send another letter to Plaintiff enclosing copies of the necessary documents to complete service.  Id.  The Court instructed Plaintiff to mail the completed forms and necessary copies to the U.S. Marshals within thirty days.  Id.  The Court gave notice to Plaintiff that his failure to do so may

result in dismissal of this action for failure to prosecute or otherwise follow a court order.  See Fed. R. Civ. P. 41(b); Fed. R. Civ. P. 4(m); see also In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001) (stating that the court has broad discretion under Rule 4(m) to extend the time for service or to dismiss the action without prejudice).

More than thirty days has passed since the Court issued its Second Deficiency Notice and Order Regarding Service of Defendants.  Since that time, Plaintiff has not completed the necessary forms or provided the required copies to the U.S. Marshals to effect service.  Accordingly, the Court FINDS AND RECOMMENDS that this case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO FOUND AND RECOMMENDED.

DATED HONOLULU, HAWAII, APRIL 6, 2016.

_____
Richard L. Puglisi
United States Magistrate Judge

**HACKETT V. THE STATE OF HAWAII, ET AL.; CIVIL NO. 15-00178 JMS-RLP;**
**FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE**